IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAMERON C. MONTGOMERY, | : |
| Petitioner, | : |
| | CIVIL ACTION NO. 14-0539-CG-C |
| vs. | : |
| | CRIMINAL NO. 13-0273-CG-C |
| | : |
| UNITED STATES OF AMERICA, | |
| | : |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, Cameron C. Montgomery, filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on November 19, 2014 (Doc. 28). This action is now before the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Based upon the substance of the government's April 6, 2015 response to Montgomery's motion to vacate—that Montgomery was improperly sentenced under the Armed Career Criminal Act ("ACCA") and, therefore, he should be resentenced "without the ACCA enhancement" (Doc. 36, at 1; *see also id.* at 1-4)—the undersigned appointed counsel to represent Mr. Montgomery—Richard Shields, Esquire—and set this matter for a conference on June 30, 2015, in order to determine "the best approach to expedite the disposition of Mr. Montgomery's § 2255 motion to vacate." (Doc. 37.)

Today's date, the parties filed a joint motion to vacate prior sentence and for re-sentencing (Doc. 40). On May 19, 2014, Montgomery was sentenced to the statutory minimum mandatory term of 15 years under the Armed Career Criminal Act (Doc. 33, Sentencing Transcript, at 4-5) and, in light of the government's concession that

Montgomery was sentenced in error under the ACCA (*compare* Doc. 36 *with* Doc. 40), the parties are now asking this Court to vacate Montgomery's prior sentence and set this matter down for re-sentencing as soon as practicable (Doc. 40, at 1-2).

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Magistrate Judge agrees with the parties' position that a sentencing error was committed in this case (*compare* Doc. 40 *with* Doc. 36) and, therefore, recommends that petitioner's motion to vacate (Doc. 28) be **GRANTED**, that Montgomery's 180-month sentence rendered on May 19, 2014 be **VACATED**, and that Montgomery be resentenced as soon as practicable. Given that the motion to vacate prior sentence (Doc. 40) is a joint motion (*see id.*), there is no allowance for the filing of objections and the Clerk of Court is **INSTRUCTED** to immediately refer this action to United States District Judge Callie V.S. Granade for the setting of a new sentencing hearing.

**DONE** this the 26th day of June, 2015.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**